UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GUISE SHEET METAL COMPANY, INC. AND PATRICK GUISE** | * * * | **CIVIL ACTION NO.** |
| **VERSUS** | * * | **JUDGE** |
| **ATLANTIC CASUALTY INSURANCE COMPANY** | * * | **MAG. JUDGE** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Atlantic Casualty Insurance Company, without waiving any of its defenses or objections, who respectfully submits this Notice of Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, of the above-styled manner, which was originally filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between all properly joined parties and the amount in controversy requirement is satisfied. The specific grounds for removal are as follows:

1.

Plaintiffs, Guise Sheet Metal Company, Inc. and Patrick Guise, (hereinafter, "Plaintiffs"), filed a lawsuit on August 8, 2023, styled *Guise Sheet Metal Company, Inc. and Patrick Guise v. Atlantic Casualty Insurance Company*, Civil Action No. 844-064, on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (hereinafter, "State Court Action") against Atlantic Casualty Insurance Company (hereinafter "Defendant"). Defendant was served with a copy of the Petition for Damages (hereinafter "Petition"), through its registered agent for

service of process on September 7, 2023. The suit arises out of alleged damages to Plaintiffs' property as a result of Hurricane Ida on August 29, 2021.[1]

Plaintiffs allege that their properties, located at 100 First Street, Westwego, Louisiana, 70094, 101 First Street Westwego, Louisiana 70094, and 209 Sala Avenue, Westwego, Louisiana 70094, sustained damages as a result of Hurricane Ida, and subsequently submitted a claim to Defendant (collectively the "Loss"). Plaintiffs allege that Defendant, as an insurer of Plaintiffs' properties, has failed to tender sufficient funds to Plaintiffs for damage Plaintiffs allegedly sustained as a result of the alleged Loss.[2] Plaintiffs seek various damages resulting from the Loss which occurred in Jefferson Parish.[3]

**I. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §1332.**

2.

This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a) because (1) there exists complete diversity of citizenship between Plaintiffs and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. §1441.

   **A. Plaintiffs are citizens of Louisiana.**

3.

At the time Plaintiffs commenced the State Court Action, Plaintiffs were residents of the Parish of Orleans, State of Louisiana.[4]

---

[1] *See* Copy of State Court Record attached as Exhibit 1.
[2] *Id.*
[3] *Id.*
[4] *Id.*

**B. The Defendant is diverse from the Plaintiffs.**

4.

Defendant, Atlantic Casualty Insurance Company, at the time the State Court Action was filed, was and still is a corporation incorporated in the state of North Carolina, with its principal place of business in North Carolina.

5.

The complete diversity requirements of 28 U.S.C. §1332(a) are satisfied in this case, because Plaintiffs, Louisiana citizens, do not share citizenship with the Defendant, a North Carolina citizen.

**C. The amount in controversy, exclusive of interest and costs, exceeds $75,000.**

6.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[5] If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "Plaintiffs can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[6]

7.

---

[5] *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).
[6] *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

Plaintiffs seek recovery related to alleged damage to Plaintiffs' properties, located at 100 First Street, Westwego, Louisiana, 70094, 101 First Street Westwego, Louisiana 70094, and 209 Sala Avenue, Westwego, Louisiana 70094, in the form of additional contractual amounts and extra-contractual amounts, including penalties, damages, and attorneys' fees pursuant to La. R.S. 22:1973 and La. R.S. 22:1982, *et seq*."[7] Plaintiffs' Petition specifically alleges that Defendant did not act in good faith in its adjustment of the Loss and Plaintiffs are thus seeking recovery of bad faith penalties against Defendant.[8] To date, Defendant has issued indemnity payments to Plaintiffs totaling $3,409.58 under Claim No. 01-LA-003749.[9]

8.

The claims asserted against Defendant exceed the $75,000.00 "amount in controversy" threshold for federal diversity jurisdiction. Although the Petition does not allege a specific monetary amount of damages, the "amount in controversy" requirement is established through other papers, specifically, Plaintiffs' estimates, totaling $157,752.99, provided by Plaintiffs to Defendant on December 21, 2023.[10]

9.

Taking Plaintiffs' contractual estimates totaling $157,752.99, less $3,409.58 paid by Defendant to Plaintiffs to date, Plaintiffs' contractual demand totals $154,343.41. Thus, it is apparent from other papers provided to Defendant by Plaintiffs, in the form of Plaintiffs' estimates, that the amount in controversy at issue exceeds $75,000.00, exclusive of interests and costs, as required for diversity jurisdiction under 28 U.S.C. § 1332.

---

[7] Exhibit 1.
[8] *Id*.
[9] *See* Affidavit of undersigned counsel, attached as Exhibit 2.
[10] *See* Plaintiffs' December 21, 2023 email enclosing three estimates with attached estimates, attached as Exhibit 2A.

10.

Although the additional contractual amount sought by Plaintiffs exceeds the $75,000.00 jurisdictional threshold for removal, Plaintiffs also see recovery of penalties under La. R.S. 22:1892. La. R.S. 22:1892 allows for "a penalty, in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorneys' fees and costs." La. R.S. 22:1892(B)(1)(2021). Applying this calculation of the facts of the subject matter, as alleged by Plaintiffs, Plaintiffs seek a 50% penalty of $77,171.71, in addition to the alleged $154,343.41 in alleged contractual amounts mentioned in Paragraph 9 above.

11.

Plaintiffs also seek damages under La. R.S. 22:1973. La. R.S. 22:1973 allows for the following penalties: "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C) (2021). Again, applying the penalty calculation proscribed by LA. R.S. 22:1973 to the facts alleged by Plaintiffs, as set forth in her Petition, Plaintiffs seek penalties totaling $308,686.82 under La. R.S. 22:1973, in addition to the contractual amounts allegedly owed and penalties under La. R.S. 22:1892, mentioned in Paragraph 10.

12.

Although Defendant does not contend Plaintiffs are entitled to further indemnity and/or any other type or amount of damages related to the Loss, as asserted by Plaintiffs in their Petition, Plaintiffs' alleged damages far exceed the jurisdictional threshold of $75,000.00.

## II. The Procedural Requirements for Removal are Satisfied.

13.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing Jefferson Parish, Louisiana, where the state court action is pending. *See* 28 U.S.C. §1441; 28 U.S.C. §98(a).

14.

This removal has been timely filed under 28 U.S.C. § 1446(b)(3) within thirty (30) days of Defendant's receipt of "other paper from which it was ascertained that this case is or has become removable." As discussed in depth above, on December 21, 2023, Plaintiffs submitted a contractual demand totaling $170,138.81 to Defendant. This "other paper", for purposes of removal pursuant to 28 U.S.C. § 1446 (b)(3), was made in writing and provided to Defendant by Plaintiffs after Plaintiffs' Petition was filed. Removability was first ascertained on December 21, 2023. This removal, therefore, is timely.

15.

In compliance with 28 U.S.C §1446(a), Defendant files and attaches copies of the Petition and all pleadings filed in Suit No. 844-064 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana and served upon Defendant to date, including Plaintiffs' Petition.

16.

Written notice has been given to all adverse parties, and a copy of the Notice of Removal was filed with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

WHEREFORE, Atlantic Casualty Insurance Company, hereby gives notice that the proceeding bearing number 844-064 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is removed to the docket of this Honorable Court for trial and determination as provided by law, and ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Court Action, USDC and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

*/s/ Bette R. Matheny*
**NICHOLAS P. ARNOLD, #31602**
narnold@bluewilliams.com
**BETTE R. MATHENY, #37879**
bmatheny@bluewilliams.com
**BLUE WILLIAMS, L.L.C.**
3421 N. Causeway Boulevard, Suite 900
Metairie, LA 70002
Telephone: (504) 830-4969
Facsimile: (504) 849-3052
**Attorneys for Atlantic Casualty Insurance Company**

**CERTIFICATE OF SERVICE**

I do hereby certify that on January 18, 2024, I electronically filed the foregoing Notice of Removal with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system. Notice of the filing will be sent to the following via facsimile, e-mail and/or by depositing same in the United States mail, properly addressed first.

*/s/ Bette R. Matheny*
**BETTE R. MATHENY**