24ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

DOCKET NO. 844 -064                              DIVISION "

GUISE SHEET METAL COMPANY, INC., AND PATRICK GUISE

VERSUS

ATLANTIC CASUALTY INSURANCE COMPANY

FILED: _____     _____
                                            DEPUTY CLERK

## HURRICANE IDA
## PETITION FOR DAMAGES

The petition of Guise Sheet Metal Company, Inc., and Patrick Guise, a person of the full age of majority and

resident of the Parish of Orleans, State of Louisiana, respectfully represent that:

1.

Made defendant herein is Atlantic Casualty Insurance Company, upon information and belief, a

foreign insurance company that is authorized to do and doing business in the State of Louisiana, who is

truly and justly indebted unto your petitioner for the following reasons to-wit:

2.

At all times relevant herein, petitioners, Guise Sheet Metal Company, Inc., and Patrick Guise,

owned the following property ("Property") and contents located at 100 First Street, Westwego, Louisiana,

70094; 101 First Street, Westwego, Louisiana, 70094; and 209 Sala Avenue, Westwego, Louisiana, 70094.

3.

At all times relevant hereto, defendant, Atlantic Casualty Insurance Company, provided a

policy of insurance, bearing Policy Number M008004324-0 (the "Policy"), issued to Guise Sheet Metal,

Inc., and Patrick Guise, that was in full force and effect and covered the Property at issue and the contents

therein against perils including hurricanes, wind, hail, and/or water. Defendant placed a valuation upon the

covered Property and the contents therein and used this valuation for purposes of determining the premium

charge to be made under the Policy at issue.

4.

On or about August 29, 2021 , Hurricane Ida struck Southeast Louisiana as one of the most

powerful storms in U.S. history. As detailed by the U.S. National Weather Service, "Hurricane Ida made

landfall as Category 4 Hurricane in Lower Lafourche Parish near Port Fourchon with maximum sustained

wind speeds of 150 mph". A Category 4 storm with unprecedented winds, Ida caused major damage to

24th E-Filed 08/08/2023 13:36 Case: 844064 Div:F Atty:022712 LIONEL J FAVRET III

buildings throughout Southeast Louisiana, including the greater New Orleans area and surrounding parishes throughout this District. "The widespread damage spread well inland across Southeast Louisiana and Southern Mississippi as Hurricane Ida remained at hurricane strength into southwest Mississippi near McComb".

5.

On or about August 29, 2021 , Hurricane Ida damaged the exterior, interior, and roof of the Property, allowing water to infiltrate the interior as a direct result of that damage and causing significant damage to and throughout the Property ("the Loss" or "Property Damage") which was covered under the Policy.

6.

The Property and contents therein were significantly damaged by and suffered a diminution in value because of Hurricane Ida. These significant Hurricane Ida damages to the Property (including the contents therein) occurred prior to any purported damage to the Property (or contents therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

7.

Petitioners reported the Loss to the insurer, Atlantic Casualty Insurance Company. The claim was assigned claim number 01-LA-003749 ("the Claim" or "Insurance Claim").

8.

Upon notification of the Loss, Defendant inspected the Property, and provided estimates on the Claim. This estimates, however, grossly underreported the Property Damage.

9.

Defendant's inspection of the Property was insufficient based upon information and belief.

10.

Defendant's adjustment of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property caused by Hurricane Ida.

11.

As a result of Defendant refusing and/or failing to adjust the Claim fairly, undersigned counsel was hired, and an expert was consulted to investigate the value of the damage to determine what additional amounts are owed to Plaintiff.

13.

24th E-Filed: 08/08/2023 13:36 Case: 844064 Div:F Atty:022712 LIONEL J FAVRET III

Despite receiving notice of the insufficiency of its tender, Defendant has yet to determine what additional amounts are owed to Plaintiff.

14.

Plaintiff has attempted to recover the full value of his covered damages and/or insurance proceeds due from Defendant to no avail.

15.

Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of the Property and additional cost, mental pain and anguish, additional living expenses, rents, and general and/or special damages to Plaintiffs.

16.

Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted intentionally and/or negligently when it:

A. Failed to timely tender proceeds due after having received satisfactory proof of loss;

B. Misrepresented the terms and conditions of the Policy at issue;

C. Conducted the investigation and claims handling in bad faith;

D. Manipulated and/or set its pricing software to artificially suppress the cost of repairs below market value;

E. Failed to adequately pay for losses as required by the Policy; and/or

F. Failed to include adequate overhead and profit in its estimates of damages.

17.

Plaintiff has incurred and will continue to incur additional expenses and/or delays in making repairs because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

18.

Plaintiff has incurred and will continue to incur professional expenses, including expert and attorney's fees, to prove that Defendant wrongfully failed to adequately/timely pay on the Claim at issue.

19.

Plaintiff has sustained and continues to sustain mental anguish and inconvenience because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

20.

24th E-Filed: 08/08/2023 13:36 Case: 844064 Div:F Atty:022712 LIONEL J FAVRET III

Plaintiff has incurred and will continue to incur additional living expenses as a result of the damages caused to the Property by Hurricane Ida, including those additional living expenses that will be incurred during additional repair of the Property.

## BREACH OF INSURANCE CONTRACT

21.

All allegations contained in this Petition are hereby adopted and re-alleged.

22.

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

23.

At all material times herein, an insurance contract, the Policy, existed between Plaintiffs and Defendant, which provided coverage for the Property Damage and/or the Hurricane Ida Claim at issue herein.

24.

Upon information and belief, Defendant breached the Policy and/or insurance contract by intentionally and/or negligently:

     A. Failing to timely tender proceeds due after having received satisfactory proof of loss;

     B. Misrepresenting the terms and conditions of the Policy at issue;

     C. Conducting the investigation and claims handling in bad faith;

     D. Manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value;

     E. Failing to adequately pay for losses as required by the Policy, and/or

     F. Failing to include adequate overhead and profit in its estimates of damages.

25.

Plaintiff has suffered and continue to suffer general, special and/or consequential damages because of Defendant's breaches of the insurance contract.

## DAMAGES

36.

All allegations contained in this Petition are hereby adopted and re-alleged.

37.

24th E-Filed: 08/08/2023 13:36 Case: 844064 Div:F Atty:022712 LIONEL J FAVRET III

Defendant is liable to Plaintiff, relative to the Property Damage and/or Claim at issue, under the following legal theories:

    A.  Breach of contract;

    B.  Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the Property Damage and/or the Claim, misrepresentation of the terms of the applicable insurance Policy, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims, purposeful and/or negligent price manipulation leading to a failure to pay the relevant claims, failure to pay timely for covered damages Defendant knew, or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendant's receipt of the Expert Report, failing to timely tender adequate supplemental payment(s), etc., leading to various general, special and/or consequential damages, including but not limited to delayed and/or additional repair costs, mental anguish, inconvenience, and the incurrence of professional and/or expert fees; and/or

    C.  Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

38.

As a result of Defendant's breaches of contract and/or negligent claims adjusting, and other bad acts and/or negligence, Plaintiff has incurred and/or sustained the following, non-exclusive damages:

    A.  Diminution of the value of the Property;

    B.  Underpayment and/or delayed payment of covered damages/repair costs;

    C.  Actual repair costs, temporary repair costs, as well as increased repair costs;

    D.  Loss of use and/or additional living expenses;

    E.  Mental anguish, suffering, and/or inconvenience;

    F.  Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action;

    G.  Other general, special and/or consequential damages; and,

    H.  Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

24th E-Filed: 08/08/2023 13:36 Case: 844064 Div:F Atty:022712 LIONEL J FAVRET III

### PRAYER FOR RELIEF

**WHEREFORE**, petitioner prays that the defendant, Atlantic Casualty Insurance Company, be served with a copy of this petition, and that after all legal delays it be required to answer same and after all proceedings there be a judgment in favor of your Plaintiffs, Guise Sheet Metal Company, Inc., and Patrick Guise, for all amounts commensurate with their damages, in such sums the Court deems just, together with legal interest, costs, and all general and equitable relief allowed. Further, Plaintiff prays for relief and judgment against the Defendant as follows:

 A.  Compensatory, general and/or contractual damages;

 B.  Consequential and/or special damages, including but not limited to bad faith and/or negligence;

 C.  Prejudgment interest at the highest lawful rate allowed by law;

 D.  Interest on the judgment at the highest legal rate from the date of judgment until collected;

 E.  Lost rent;

 F.  Additional living expenses;

 G.  Mental anguish, suffering, and inconvenience;

 H.  All expenses and costs of this action; and

 I.  Such further reef as this Court deems necessary, just, and proper.

Respectfully submitted,

LEONARD J. CLINE (04201)
LIONEL J. FAVRET, III (22712)
3021 35th Street, Suite A
Metairie, LA 70001
(504) 838-8254
(504) 838-9146 (facsimile)
lenny@clinelawoffice.com
Attorneys for Petitioners

**PLEASE SERVE:**

**ATLANTIC CASUALTY INSURANCE COMPANY**
Through its registered agent
Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

24th E-Filed: 08/08/2023 13:36 Case: 844064 Div:F Atty:022712 LIONEL J FAVRET III

**Mandy Plaisance**

| | |
|---|---|
| **From:** | Mandy Plaisance |
| **Sent:** | Tuesday, August 8, 2023 2:29 PM |
| **To:** | LENNY@CLINELAWOFFICE.COM |
| **Subject:** | EFile Case: 844064 |

In order to fully process your e-file we will need a service check made payable to East Baton Rouge Sheriffs Office for $40.44 and a check made payable to Secretary of State for $50.00.

Effective Immediately;

On all Hurricane Ida suits, a special master fee will be collected. The plaintiff is responsible to pay $62.50. This is a one-time fee per case. It needs to be a separate check payable to "Special Master Fee".

\*\*\*PLEASE CONFIRM RECEIPT OF THIS EMAIL STATING YOU HAVE RECEIVED IT TO AVOID A COURTESY CALL\*\*\*

**Mandy Plaisance**
*Civil Minute Clerk, Div. "I"*
*24th Judicial District Court Div. "I"*
*Jefferson Parish Clerk of Court*
Thomas F. Donelon Courthouse
200 Derbigny St. Ste. 3600
Gretna LA 70053
Phone: (504) 364-3912
Fax: (504) 364-3780



Please be advised that any information provided to the Jefferson Parish Clerk of Court may be subject to disclosure under the Louisiana Public Records Law. Information contained in any correspondence, regardless of its source, may be a public record subject to public inspection and reproduction in accordance with the Louisiana Public Records Law, La. Rev. Stat. 44:1 et seq.

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this e-mail or by telephone.

Please contact the civil filing department regarding the document: Petition 24th.pdf e-filed on 8/8/2023 1:36:21 PM.

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 844-064                                         DIVISION: "F"

GUISE SHEET METAL COMPANY, INC., AND PATRICK GUISE

VERSUS

ATLANTIC CASUALTY INSURANCE COMPANY

FILED: _____        _____
                                                    DEPUTY CLERK

<u>MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS</u>

**NOW INTO COURT** through undersigned counsel comes defendant, Atlantic Casualty Insurance Company, who respectfully moves this Honorable Court for an additional thirty (30) day extension or until October 30, 2023, on which to respond to plaintiffs', Guise Sheet Metal Company, Inc., and Patrick Guise, Petition for Damages. This is the first extension request from any party in this matter.

**WHEREFORE**, defendant, Atlantic Casualty Insurance Company, prays that this Court enter an Order granting it an additional thirty (30) day extension or until October 30, 2023 within which to file responsive pleadings to plaintiff's Petition for Damages.

Respectfully submitted:

**BLUE WILLIAMS, LLC**

*Bette R. Matheny*
_____
**NICHOLAS P. ARNOLD, #31602**
**BETTE R. MATHENY, #37879**
**3421 N. Causeway Blvd., Ste. 900**
**Metairie, LA 70002**
**T: (504) 831-4091**
**F: (504) 837-1182**
**Email: narnold@bluewilliams.com**
**          bmatheny@bluewilliams.com**
**Attorney for defendant, Louisiana Citizens**
**Property Insurance Corporation**

24th E-Filed: 09/28/2023 14:54 Case: 844064 Div:F Atty:037879 BETTE R MATHENY

#4925333

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 844-064                                **DIVISION "F"**

**GUISE SHEET METAL COMPANY, INC., AND PATRICK GUISE**

**VERSUS**

**ATLANTIC CASUALTY INSURANCE COMPANY**

FILED: _____        _____

                                                **DEPUTY CLERK**

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes Defendant Atlantic Casualty Insurance Company (hereinafter "Defendant") who submits its answer and affirmative defenses to the Petition for Damages of Plaintiffs, Guise Sheet Metal Company, Inc. and Patrick Guise (hereinafter "Plaintiffs"), and avers as follows:

### FIRST DEFENSE

Plaintiffs' claims should be dismissed because the Petition for Damages fails to state a claim, clause or right of action upon which relief may be granted.

### SECOND DEFENSE

Defendant pleads all Affirmative Defenses set forth in the Federal Rules of Civil Procedure and/or Louisiana Civil Code potentially applicable to this case, including, without limitation, assumption of risk, contributory/comparative negligence/fault, estoppel, waiver, failure of consideration, transaction or compromise, accord and satisfaction, credit or set off and failure of Plaintiffs to mitigate their damages.

### THIRD DEFENSE

To the extent that Defendant herein is legally entitled to any credit or set-offs for any amounts previously paid or made in the future to Plaintiffs herein, Defendant hereby claims those credits or set-offs against any eventual award made to Plaintiffs, and to the extent that Defendant has made any payments to which Plaintiffs are not entitled, Defendant reserves its rights to recover those amounts by reconventional demand or counterclaim.

### FOURTH DEFENSE

Defendant has adjusted Plaintiffs' claims in good faith, in accord with the terms and conditions of the applicable policy and in compliance with any applicable statutory or jurisprudential law.

#4975339

24th E-Filed: 10/30/2023 16:51 Case: 844064 Div:F Atty:037879 BETTE R MATHENY

**24ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO. 844-064**                                  **DIVISION "F"**

**GUISE SHEET METAL COMPANY, INC., AND PATRICK GUISE**

**VERSUS**

**ATLANTIC CASUALTY INSURANCE COMPANY**

**FILED:** _____        _____
                                                          **DEPUTY CLERK**

<u>**REQUEST FOR WRITTEN NOTICE**</u>

In accordance with La. C.C.P. art. 1572, defendant Atlantic Casualty Insurance Company ("Defendant") requests that the Court give written notice by certified mail at least ten (10) days in advance of the date fixed for the trial or hearing of this case, whether on exceptions, motions, rules or the merits.

Defendant request immediate notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition thereof as provided by La. C.C.P. Arts. 1913 and 1914, including Notice of Judgment in the event this case is taken under advisement or if the Judgment is not signed at the conclusion of the trial.

Notice is to be mailed to or served on Defendant through undersigned counsel.

Respectfully Submitted:

*Bette R. Matheny*
_____
**NICHOLAS P. ARNOLD, #31602**
narnold@bluewilliams.com
**BETTE R. MATHENY, #37879**
bmatheny@bluewilliams.com
**BLUE WILLIAMS, LLC**
3421 N. Causeway Boulevard, Suite 900
Metairie, LA  70002
Telephone:  (504) 831-4091
Facsimile:  (504)849-3872
**Attorneys for Atlantic Casualty Insurance Company**

**[CERTIFICATE ON FOLLOWING PAGE]**

24th E-Filed: 10/30/2023 16:51 Case: 844064 Div:F Atty:037879 BETTE R MATHENY